IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GRANBERRY,<br>      Plaintiff<br><br>      v.<br><br>CHAIRMAN OF PENNSYLVANIA BOARD<br>OF PROBATION AND PAROLE, et al.,<br>      Defendants. | C.A. 07-272 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss Amended Complaint [Document # 11] be granted in part and denied in part.

**II.    REPORT**

    **A.    Procedural History**

On or about October 9, 2007, Plaintiff Donald Granberry, an individual formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Named as Defendants are: the Chairman of Pennsylvania Board of Probation and Parole ("PBPP Chairman"); Secretary of the Pennsylvania Department of Corrections ("DOC Secretary"); Records Officer for the Pennsylvania Department of Corrections ("DOC Records Officer"); and Marilyn Brooks, former Superintendent at SCI-Albion ("Brooks").

---

[1] The docket entries in this case indicate that Plaintiff filed an original complaint on October 22, 2007[Document # 2], and an amended complaint, adding Defendant Brooks, on November 6, 2007 [Document # 3]; however, according to Plaintiff, the "amended complaint" was actually enclosed with his original submission to the Clerk's office, but was inadvertently lost. (See Document # 18, Plaintiff's Response Brief, at p. 5). Upon resubmitting the most recent complaint to the Clerk's office, Plaintiff claims that he was instructed by the Clerk to write the word "amended" above the title of the complaint and to then serve the "amended" complaint in accordance with the Federal Rules of Civil Procedure. (Id.). These claims have been verified by Plaintiff, under oath, and are, thus, accepted as true by this Court. As a result, Plaintiff's "amended" complaint is deemed to have been filed on October 9, 2007, the date the original complaint was filed.

Plaintiff has alleged that Defendants violated his rights under the fourth, fifth, eighth and fourteenth amendments to the United States Constitution by failing to timely correct a sentencing error and, thus, keeping him imprisoned more than two years beyond the maximum term of his sentence. (Amended Complaint at ¶¶ 19-22). As relief for his claims, Plaintiff seeks declaratory relief and monetary damages.

Defendants have filed a Motion to Dismiss Amended Complaint [Document # 11] asserting that: (i) Plaintiff's claims are barred by the applicable statute of limitations; (ii) Defendants are immune from Plaintiff's claims under the Eleventh Amendment, to the extent they are being sued in their official capacities; and (iii) Plaintiff has failed to state a claim upon which relief may be granted against them in their individual capacities. Plaintiff has filed a response to Defendants' motion essentially restating the allegations of his amended complaint. This matter is now ripe for consideration.

### B. Relevant Factual History[2]

On or about January 9, 1984, Plaintiff pleaded guilty to Burglary and Criminal Conspiracy in the Court of Common Pleas of Erie County, Pennsylvania ("Erie County Court"), and was sentenced on March 1, 1984, to serve one to two years in prison, followed by eight years of probation. (Amended Complaint at ¶ 9 and Exhibit B). Subsequently, a jury found Plaintiff guilty of Burglary, Receiving Stolen Property, and Criminal Conspiracy, and Plaintiff was sentenced on September 27, 1984, to serve an aggregate term of four to eight years in prison, to run consecutive to the sentence that was imposed on March 1, 1984. (Id. at ¶ 10).

On July 29, 1986, Plaintiff signed probation papers indicating that his eight-year probationary sentence would become effective on September 4, 1986. (Id. at ¶ 11). As a result, DOC records showed that the maximum term of Plaintiff's sentence of March 1, 1984, would expire on September 4, 1994. (Id. at n. 4).

---

[2] The factual history recited herein has been gleaned from Plaintiff's amended complaint and the exhibits attached thereto. For purposes of the pending motion to dismiss, Plaintiff's recitation of the facts is accepted as true.

2

On September 4, 1989, Plaintiff was paroled from his sentence of September 27, 1984. (Id. at ¶ 12). On September 6, 1990, Plaintiff's probationary sentence was revoked by the Erie County Court due to his arrest on a retail theft charge, and Plaintiff was sentenced to serve 7½ to 15 years imprisonment. (Id. at ¶ 13 and Exhibit C). This sentence was subsequently vacated by the Pennsylvania Superior Court on May 22, 1992. (Id.). Plaintiff was then re-sentenced by the Erie County Court on July 31, 1992, to serve 5 to 15 years imprisonment, at which time Plaintiff was given credit for time served from September 6, 1990 to July 31, 1992. (Id.). Plaintiff's new parole violation maximum sentence date was recalculated to be September 6, 2007. (Id.).

On October 7, 2005, Plaintiff was informed by SCI Albion staff to report to parole, at which time he was informed by the parole representative and DOC staff that a sentencing calculation error had been made and that he was being discharged immediately. According to Plaintiff, it had been determined that he had "actually served several years past the maximum sentence imposed by the court." (Id. at ¶ 15).

### C. Standards of Review
#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as

3

true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

1990)(same).

### D. Discussion
#### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

In the context of a civil rights action charging false imprisonment, the statute of limitations begins to run when the alleged false imprisonment ends. Wallace v. Kato, __ U.S. __, 127 S.Ct. 1091, 1096 (2007). Accordingly, Defendants correctly point out that, since Plaintiff was discharged from DOC custody on October 7, 2005, "any complaint challenging [Plaintiff's] continued confinement past his lawful maximum term would have to have been filed at the latest on or before October 7, 2007." (Document # 12 at p. 3). Defendants are also correct in conceding that, although Plaintiff's Complaint was received by the Court on October 9, 2007, it may be deemed to have been filed on October 5, 2007, because "October 9, 2007, was a Tuesday following a Court Holiday and a weekend when the Court was closed." (Id.). Thus, there appears to be no dispute that Plaintiff's complaint was filed before the expiration of the two-year statute of limitations. Notwithstanding this fact, however, Defendants assert that "any claims asserted in the Complaint which arose before October 5, 2005, would be barred by the applicable two year statute of limitations," and since "[Plaintiff] has not alleged that any Defendant committed any unlawful act related to his confinement that occurred after October 5, 2005, ... he has failed to present this Court with a timely claim...."

5

(Id.). The Court disagrees with this assertion.

The crux of Plaintiff's claims is that he was unlawfully imprisoned by Defendants beyond the expiration of his maximum prison sentence. The nature of such a claim suggests that each day Plaintiff was allegedly imprisoned unlawfully was a continuing violation of his constitutional rights. Indeed, this is the very reason a claim alleging false imprisonment does not begin to run until the imprisonment ends, for statute of limitations purposes. Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Brenner v. Local 514, United Broth. of Carpenters and Joiners of America, 927 F.2d 1283, 1295 (3d Cir. 1991). Here, Plaintiff's imprisonment ended on October 7, 2005, which marks the end of the alleged continuing violation. As conceded by Defendants, the Complaint was filed within two years of this date. As a result, this Court finds that Plaintiff's claims have been timely filed.

In making this determination, the Court notes that acceptance of Defendants' assertion would lead to an anomalous result. If Defendants' assertion was found to be correct, then Plaintiff would have had to have filed this action sometime prior to the date he was released from prison on October 7, 2005.[3] However, it is well-settled that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512

---

[3] This is true because Plaintiff apparently became aware of the alleged sentencing error and began challenging the sentence "through numerous pleadings, motions, grievances, etc." many years prior to his release. (Amended Complaint at ¶ 14; Document # 18, Plaintiff's Opposition Brief, at p. 4).

U.S. at 487 (emphasis in the original). Clearly, if Plaintiff would have filed this action prior to the end of his imprisonment, as Defendants contend he was required to do in order to preserve his claims, Plaintiff's claims would not have been cognizable under Heck, because his sentence would not have been reversed, expunged, declared invalid, or called into question. Thus, Plaintiff would have no recourse for his claims. Such a result would be untenable. Accordingly, Defendants' motion to dismiss Plaintiff's Amended Complaint as untimely should be denied.

### 2. Eleventh Amendment Immunity

Defendants contend that any claim for monetary damages against them in their official capacities must be dismissed because they are entitled to immunity under the eleventh amendment to the United States Constitution. This Court agrees. It is well settled that suits for damages by individuals against state governments, state agencies, or state officers acting in their official capacities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985)(holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000)(holding that individuals are barred from seeking monetary damages from state governments or state agencies). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996)(citing, 42 Pa. Con. Stat. Ann.

§8521(b)).  Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages.  Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).  Thus, any claims for monetary damages against Defendants in their official capacities should be dismissed.

### 3. Individual Capacity Claims

Defendants seek dismissal of Plaintiff's claims against them in their individual capacities because:  (i) Plaintiff has failed to sufficiently state the conduct, time, place and persons responsible for the violations alleged in his Amended Complaint, and (ii) Plaintiff has failed to sufficiently allege their personal involvement in the asserted violations.  Neither of these arguments is persuasive at this stage of the proceedings.

As correctly noted by Defendants, in order to state a claim against a supervisory official under Section 1983, a plaintiff must establish, *inter alia*, that the official was either: (i) personally involved in the commission of the alleged wrong; or (ii) had actual knowledge of and acquiesced in the commission of the alleged wrong.  Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Plaintiff claims that Defendants "showed deliberate indifference in refusing to correct the sentencing error in a timely fashion," despite the fact that he "used the appropriate grievance procedure to bring this subject matter to the defendants['] attention." (Amended Complaint at ¶¶ 17, 20).  Plaintiff further notes in his opposition brief that "[e]ach defendant[']s name appears on numerous documents rejecting not only plaintiff's claims, but refusing to investigate/correct the matter." (Document # 18, Opposition Brief, at p. 5).  Although Defendants are not referenced individually by name, these allegations sufficiently allege that each Defendant had actual knowledge of and acquiesced in Plaintiff's continued imprisonment, despite his persistent claim that a sentencing error existed that allegedly caused him to be imprisoned well beyond his maximum sentence date.  The Court cannot impose upon this *pro se* Plaintiff a stricter pleading standard that would require him to know the extent of each Defendant's involvement in the alleged sentencing error at this early stage of the proceeding.  Thus, Defendants' motion to

8

dismiss Plaintiff's claims against them in their individual capacities should be denied.

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss Amended Complaint [Document # 11] be granted in part and denied in part, as follows:

1. Defendants' motion to dismiss Plaintiff's Amended Complaint as untimely should be denied;

2. Defendants' motion to dismiss Plaintiff's claims against them in their official capacities should be granted; and

3. Defendants' motion to dismiss Plaintiff's claims against them in their individual capacities should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge


Dated: July 29, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge